State v. Wood

---

---

STATE OF NORTH CAROLINA v. EUGENE WOOD

No. 14

(Filed 1 June 1973)

**Rape § 7— appeal from rape conviction — no prejudicial error**
    The record discloses no prejudicial error in this appeal from defendant's conviction of rape.

APPEAL by defendant from *Exum, J.,* July 24, 1972 Criminal Session (High Point Division), GUILFORD Superior Court. By grand jury indictment, proper in form, the defendant, Eugene Wood, was charged with the crime of rape upon the body of Frances Ella Oldham. The offense occurred on the early morning of October 2, 1971.

State v. Wood

The State's evidence disclosed that Frances Ella Oldham lived alone at 1202 East Green Street in High Point. Shortly after midnight on October 2, 1971, she was asleep in bed and was awakened "by the cover being jerked from me." She observed a man in her room. There was sufficient light from the outside through the windows to enable her to identify the intruder. The man choked her until she was barely able to regain her breath and by threats that he would kill her, completed the act of sexual intercourse by force and against her will.

As soon as the intruder left she went to the house of a neighbor for help in notifying the officers. The neighbor, Mrs. Tessie Parker, testified that Mrs. Oldham was in great distress and emotionally very upset. When the officers came, she told them that she could identify her assailant and that he was the garbage man who had been picking up the garbage in her neighborhood for about six months. She did not know his name. The officers ascertained the name of the garbage man, obtained his picture, and submitted it with twelve others to Mrs. Oldham as a test of her ability to identify her assailant. The twelve photographs submitted by the officers were of persons of the same color, age group, and general appearance as the garbage collector. The prosecuting witness identified the photograph of the defendant in a flash. The officers then proceeded to arrest the defendant.

At the trial the solicitor asked the witness to identify her assailant. Defense counsel objected and the court conducted a voir dire at which the officers gave the testimony with respect to the examination of the photographs. The court concluded the proper procedures were followed in the photographic identification and permitted Mrs. Oldham to say that Eugene Wood was the man who broke into her room and assaulted her.

The State offered the testimony of Dr. Lewis who testified that he examined Mrs. Oldham in the hospital on the morning of October 2, 1971, found the presence of sperm, and some fresh blood and abrasions, from which he concluded that the result of the vaginal examination was "consistent with forcible intercourse."

The prosecuting witness stated that she could identify the defendant by his general size and appearance, the difference in his eyes, and by his voice. She had seen him before and heard him speak on a few occasions when he was picking up her garbage.

State v. Wood

After the State rested, the defendant testified that on October 1 and 2, 1971, he worked, came home, and proceeded to do rather heavy drinking. At no time did he go to Mrs. Oldham's apartment. His wife testified that he was so drunk he staggered and fell as he left the place where she lived to go to his room in another house. His daughter testified that after he went to his room, she checked on him and found that he and Lee Cunningham were sitting up talking. She thought it was between twelve and twelve-thirty, but she did not know for sure. The next time she saw him he was in jail.

Lee Cunningham testified that he and Wood were together from twelve until about two-thirty. They had different rooms in the house where they both lived. When the officers came to arrest the defendant, he asked one of the officers what time it was and the officer said it was four o'clock. Cunningham did not see a timepiece and was indefinite about the time he last saw the defendant before the officers came to make the arrest.

At the conclusion of the evidence the judge charged the jury, correctly defining all essential elements of the crime of rape. He explained fully the presumption of innocence in favor of the defendant and that the presumption entitled the defendant to an acquittal unless the jury found guilt from the evidence beyond a reasonable doubt. The court instructed the jury to return one of two verdicts: guilty, or not guilty. The jury returned a verdict finding the defendant guilty as charged. The court imposed a sentence of life imprisonment and the defendant appealed.

*Robert Morgan, Attorney General by Edwin M. Speas, Jr., Associate Attorney for the State.*

*Richard S. Towers, Assistant Public Defender for defendant appellant.*

HIGGINS, Justice.

The offense here involved was committed on October 2, 1971. The indictment was found on October 25, 1971. The trial was concluded, the verdict was returned, and the judgment was pronounced on July 25, 1972. Defense counsel, during the course of the trial, entered timely objections and exceptions to the failure of the court to grant defense counsel's motions to dismiss at the conclusion of the State's evidence and again at

the conclusion of all the evidence. Counsel likewise entered objection to the court's failure to charge the jury that, in the event of a finding of guilt, it had the right to recommend that the punishment be imprisonment for life in the State's prison.

By brief, defense counsel listed the assignments above indicated, and presented them for examination and consideration by the court. The brief, however, states: "Counsel for the Defendant Appellant has carefully searched the record proper and has carefully considered all of the Exceptions and Assignments of Error as well as all proceedings in the trial of this capital case. Counsel is frank to admit that after a careful examination of the entire record, including, but not limited to, the charge of the court, he is unable to find any error prejudicial to the defendant."

The record of the trial fully justifies the defense counsel's statement that prejudicial error is not disclosed by the record. Judge Exum's rulings and his charge clearly disclose that the court, at great pains, has seen to it that the defendant's rights were protected throughout the trial. The evidence of guilt required its resolution by the fact finding body. The jury, under proper instructions, resolved the issue of guilt against the defendant. In the trial and judgment, we find

No error.